# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MORGAN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP ATWATER,<br><br>    Respondent. | Case No. 1:24-cv-00844-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE DENIED AND THE PETITION FOR WRIT OF HABEAS CORPUS BE TRANSFERRED<br><br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On December 19, 2017, Petitioner was convicted of conspiracy to commit kidnapping and kidnapping. On March 23, 2018, Petitioner was sentenced to multiple terms of life imprisonment. (ECF No. 9 at 2.[1]) On July 11, 2024,[2] Petitioner constructively filed the instant

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Here,

1

federal petition for writ of habeas corpus challenging a disciplinary proceeding. (ECF No. 1.) On September 23, 2024, Respondent filed a motion to dismiss the petition for lack of jurisdiction and lack of effect on duration of confinement. Respondent also argues that the petition is meritless. (ECF No. 9.) To date, no opposition or statement of nonopposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

In the petition, Petitioner challenges a disciplinary proceeding that occurred at the United States Penitentiary in Atwater, California ("USP Atwater"), and resulted in the loss of twenty-seven days of good conduct credit, thirty days of segregation, and the loss of phone, email, and commissary privileges for sixty days. (ECF No. 1 at 2.) In the motion to dismiss, Respondent argues that this Court lacks jurisdiction over the petition because at the time the petition was filed, Petitioner was residing at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). (ECF No. 9 at 1–4.)

The petition itself—which was signed on June 27, 2024, placed in the prison mail system on July 11, 2024, and received by this Court on July 22, 2024—states that Petitioner's place of confinement is USP Atwater. (ECF No. 1 at 1.) On August 21, 2024, the Court received a notice of change of address, dated August 9, 2024, that reflects Petitioner's new address at USP Terre Haute. (ECF No. 8.) Respondent has submitted a copy of Petitioner's "Inmate History," which shows that Petitioner was transferred on June 4, 2024, and arrived at his assigned facility "THP" on June 5, 2024. (App. 41.[3]) Therefore, at the time Petitioner commenced this action and to date, Petitioner has been housed at USP Terre Haute, which is located within the Southern District of Indiana.

"Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a [federal] prisoner's claims 'that he has been denied good time credits' or 'subjected to greater restrictions of his

---

Petitioner declares that he placed the petition in the prison mail system on July 11, 2024. Petitioner signed the petition on June 27, 2024. (ECF No. 1 at 8.)

[3] "App." refers to the Appendix attached to the motion to dismiss, and App. page numbers refer to the page numbers stamped at the bottom right corner. (ECF No. 9-1.)

liberty, such as disciplinary segregation, without due process of law.'" Fiorito v. Entzel, 829 F. App'x 192, 193 (9th Cir. 2020) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). As Petitioner has been housed at USP Terre Haute throughout the pendency of this action, venue is proper in the district of confinement, which is the Southern District of Indiana. See United States v. Brugnara, 793 F. App'x 596 (9th Cir. 2020) (finding that § 2241 petition challenging disciplinary proceeding and credit loss must be heard in custodial court).[4]

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Accordingly, rather than dismissal, the Court finds that transfer of the petition to the United States District Court of the Southern District of Indiana is appropriate in the interest of justice.

### III.

### RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 9) be DENIED; and
2. The petition be TRANSFERRED to the United States District Court for the Southern District of Indiana.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

---

[4] In light of this conclusion, the Court declines to address Respondent's other arguments set forth in the motion to dismiss.

written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 27, 2024**

STANLEY A. BOONE
United States Magistrate Judge