UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK MORGAN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP ATWATER,<br><br>    Respondent. | Case No.: 1:24-cv-0844 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, AND TRANSFERRING THE PETITION OF WRIT OF HABEAS CORPUS TO THE SOUTHERN DISTRICT OF INDIANA<br><br>(Docs. 9, 11) |

Jack Morgan is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge a disciplinary proceeding at USP Atwater that resulted in the loss of good conduct credit, thirty days of segregation, and the loss of privileges for sixty days. (*See* Doc. 1.) Respondent moved to dismiss the petition, asserting the Court lacks jurisdiction because Petitioner was housed at the United States Penitentiary in Terre Haute, Indiana, when he filed the petition. (Doc. 9.)

The magistrate judge observed that although the petition indicated Petitioner was housed at USP Atwater when the document was signed on June 27, 2024, a copy of Petitioner's "Inmate History" submitted by Respondent that showed Petitioner was transferred from Atwater and arrived at USP Terre Haute on June 5, 2024. (Doc. 9 at 2, citing App. 41 [Doc. 9-1 at 42].) The magistrate judge found that because venue is proper in the district of confinement, and "Petitioner has been housed at USP Terre Haute throughout the pendency of this action," the proper venue for this petition

1

is the Southern District of Indiana. (*Id.* at 3.) The magistrate judge also determined that transfer to the proper venue "is appropriate in the interest of justice." (*Id.*) Therefore, the magistrate judge recommended the Court deny the motion to dismiss and transfer the petition to the Southern District of Indiana. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days. (Doc. 11 at 3-4.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of the 'rights to challenge the magistrate judge's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Petitioner nor Respondent filed objections, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated November 27, 2024 (Doc. 11) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 9) is **DENIED**.
3. The petition is **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

IT IS SO ORDERED.

Dated: **January 7, 2025**

UNITED STATES DISTRICT JUDGE